IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Roger Perdue,                        :

          Plaintiff,                 :

     v.                              :    Case No. 2:16-cv-853

                                     :    JUDGE ALGENON L. MARBLEY
Ohio Department of                        Magistrate Judge Kemp
Rehabilitation and Correction, :

          Defendant.                 :


REPORT AND RECOMMENDATION

     Plaintiff, Roger Perdue, a state prisoner proceeding pro se,
filed this action under 42 U.S.C. §1983 against the Ohio
Department of Rehabilitation and Correction and sought leave to
proceed in forma pauperis.  On September 9, 2016, the Court
granted the motion for leave to proceed in forma pauperis.  This
matter is before the court for an initial screening pursuant to
28 U.S.C. §1915(e) and 28 U.S.C. §1915A.  For the following
reasons, it will be recommended that the complaint be dismissed
because the ODRC is entitled to Eleventh Amendment immunity.
                              I.
     28 U.S.C. §1915(e)(2) provides that in proceedings in forma
pauperis, "[t]he court shall dismiss the case if ... (B) the
action ... is frivolous or malicious [or] fails to state a claim
on which relief can be granted...."  28 U.S.C. §1915A further
provides that in any prisoner case, the Court shall dismiss the
complaint or any portion of it if, upon an initial screening, it
appears that the complaint fails to state a claim upon which
relief can be granted or seeks monetary damages from a defendant
who is immune from suit. The purpose of these statutory sections
is to prevent suits which are a waste of judicial resources and

which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A.  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

                                    II.

     The facts that Mr. Perdue alleged in his complaint may be summarized as follows.  Mr. Perdue was returned to prison after having turned himself in.  When he stepped off the transport bus, a guard pushed him causing an injury to his leg.  The prison staff denied him treatment and placed him in segregation.  The next morning he was unable to walk to medical for process and intake.  The guards provided him with a wheelchair but when it arrived, Mr. Perdue informed them that he was unable to stand up to get into the chair.  At this point, the guards physically

attacked him and laughed at him.  He suffered a stroke and was transferred to the hospital.  The doctors informed him of his right to pursue legal action as a result of this incident.  His efforts to do so have been thwarted by the staff at both the Corrections Reception Center and the Toledo Correctional Institution.

Mr. Perdue filed this action for money damages naming only the ODRC as a defendant.

                                III.

The Eleventh Amendment to the United States Constitution bars suits against either a state or agencies of a state by citizens of that state.  Edelman v. Jordan, 415 U.S. 651 (1974).  The primary test for determining whether the state is the real party in interest in a suit is whether the source of any funds from which a damage award would be paid would be the state treasury.  Edelman, supra.  When a suit is barred by the Eleventh Amendment, the Court lacks jurisdiction over it and it must be dismissed without prejudice.  Cf. Gwinn Area Comm. Schools v. State of Michigan, 741 F.2d 840, 846-47 (6th Cir. 1984).

The ODRC is a state agency and is therefore immune from liability under the Eleventh Amendment.  Turker v. Ohio Dept. of Rehab. and Corr., 157 F.3d 453, 456-57 (6th Cir. 1998); see also Gimbrone v. Krisher, 2013 WL 1438024, *2 (S.D. Ohio Apr. 9, 2013).  Further, the ODRC is not a "person" who can be held liable under §1983.  Will v. Michigan Dept. of State Police, 591 U.S. 58, 71 (1989); see also Stoutamire v. Department of Rehab. and Corr., 2011 WL 1233469, *2 (S.D. Ohio Mar. 29, 2011).  For these reasons, the Court will recommend that this case be dismissed.

                                IV.

For the reasons stated above, the Court recommends that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) and

-3-

§1915A(b)(2).  It is further recommended that if this recommendation is adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to the defendant.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge